[Cite as *Weston v. FCA US, L.L.C.*, 2023-Ohio-1918.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Alexandria Weston                                    Court of Appeals No.  L-22-1139

      Appellee                                         Trial Court No.  CI0202101361

v.

FCA US LLC, et al.                                   **DECISION AND JUDGMENT**

      Appellant                                        Decided:  June 9, 2023

* * * * *

Russell Gerney, for appellee.

Andrew J. Wilhelms, for appellant.

* * * * *

**OSOWIK, J**

{¶ 1} Appellant, FCA US LLC ("FCA"), appeals from a judgment of the Lucas County Common Pleas Court that found appellee eligible to participate in the Ohio Workers Compensation System for "Substantial Aggravation of Pre-existing Acetabular Impingement."  For the following reasons, we affirm.

*Factual and Procedural Background*

{¶ 2} On April 26, 2019, appellee, Alexandria Weston, was employed by FCA. While attending to her duties on the assembly line, an object known and referred to as a "baby kick cart" fell on her left leg. Appellee field a claim for her injuries with the Ohio Bureau of Workers' Compensation and was assigned to BWC Claim No, 19-151436. The Bureau allowed her claim for injury to her left thigh contusion, back side of leg.

{¶ 3} She sought further treatment from Dr. Gregory Georgiadis as she continued to suffer pain. Dr. Georgiadis had taken x-rays of her hip and determined that she suffered from "acetabular impingement syndrome." She was referred to a surgeon for further assessment.

{¶ 4} Weston then sought to have her April 26, 2019 claim allowed for an additional condition of "substantial aggravation of pre-existing acetabular impingement." The Bureau did not allow this condition to be added to her claim.

{¶ 5} Appellee appealed the decision of the Bureau pursuant to R.C. 4123.512. The matter proceeded to trial before a jury. After hearing testimony from both plaintiff and defendant medical experts, the jury deliberated. The jury concluded that Weston should be allowed to participate in the Ohio Workers Compensation system for the condition "Substantial Aggravation of Pre-existing Acetabular Impingement."

{¶ 6} FCA appeals this judgment to this court for review.

2.

*Assignment of Error*

**{¶ 7}** FCA presents a singular assignment of error:

APPELLEE FAILED TO PRESENT SUFFICIENT EVIDENCE OF
"OBJECTIVE DIAGNOSTIC FINDINGS, OBJECTIVE CLINICAL
FINDINGS, OR OBJECTIVE TEST RESULTS" TO ESTABLISH A
SUBSTANTIAL AGGRAVATION PURSUANT TO R.C. 4123.01(C)(5).

*Standard of Review*

**{¶ 8}** Although FCA captions its assignment of error as an insufficiency of evidence claim, it argues the proper standard of review of a jury verdict. That review is whether the jury verdict is against the manifest weight of the evidence. A challenge to the weight of the evidence questions whether the greater amount of credible evidence was admitted to support the judgment than not. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 17; *State v. Thompkins*, 78 Ohio St.3d 380, 386-390, 678 N.E.2d 541 (1997).

**{¶ 9}** When weighing the evidence, the court of appeals must consider whether the evidence in a case is conflicting or where reasonable minds might differ as to the inferences to be drawn from it, consider the weight of the evidence, and consider the credibility of the witnesses to determine if the jury clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. *Quest Workforce Sols., L.L.C. v. Job1USA, Inc.*, 2016-Ohio-8380, 75 N.E.3d 1020, ¶ 41 (6th Dist).

3.

{¶ 10} FCA challenges the singular finding by the jury that appellee's pre-existing left acetabular impingement was substantially aggravated by the April 26, 2019 injury. More specifically, it contends that appellee presented no documentation of objective findings, objective clinical findings, or objective test results.

{¶ 11} R.C. 4123.01(C) (5) establishes the standards needed to add an additional condition to an existing claim for workers' compensation benefits. That section states in pertinent part:

> (C) "Injury" includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment. "Injury" does not include:
> (5) A condition that pre-existed an injury unless that pre-existing condition is substantially aggravated by the injury. Such a substantial aggravation must be documented by objective diagnostic findings, objective clinical findings, or objective test results. Subjective complaints may be evidence of such a substantial aggravation. However, subjective complaints without objective diagnostic findings, objective clinical findings, or objective test results are insufficient to substantiate a substantial aggravation.

{¶ 12} FCA argues that appellee's expert failed to review any medical records between the date of injury (April 26, 2019) and September 9, 2019, the date of his examination of appellee. Nevertheless, it does admit that appellee's expert, Dr. Georgiadis, did in fact review the objective findings presented on x-ray. It contends that the date of the x-rays is unknown and that Dr. Georgiadis never used the term "objective" in his deposition.

{¶ 13} Dr. Georgiadis did testify that his findings were based upon his review of an x-ray when he stated, "But there are radiographic findings and the radiographic

4.

findings would be like a spur, or perhaps the socket part looks like it's impinging or going to be bumping up against things."

{¶ 14} He further testified "So, it looked like she had some femoroactebeluar impingement on x-ray and that definitely is not normal." He also testified, "So, that's my assessment that she was, had some pre-existing condition in her hip and she aggravated it and it was just not getting better." The record of the trial court includes an x-ray of the appellee's left hip dated September 10, 2019 that indicates an impression of "femoral acetabular impingement."

{¶ 15} In *Lake v. Anne Grady Corp.,* 2013-Ohio-4740, 999 N.E.2d 1203, ¶ 16-21 (6th Dist.), we held:

> There is no language anywhere in the statute that requires the pre-existing condition to be medically documented prior to the workplace injury that allegedly aggravated the condition. Accordingly, any requirement that a claimant must present pre-injury documentation of the pre-existing condition before the claimant may recover under R.C. 4123.01(C)(4) for substantial aggravation of the condition adds a requirement that is not in the statute.

> We also clarify that while pre-injury evidence of a pre-existing condition— whether objective or subjective—is helpful, it is not necessary so long as the worker can demonstrate through "objective diagnostic findings, objective clinical findings, or objective test results" that the preexisting condition was substantially aggravated by the injury. R.C. 4123.01(C)(4)

{¶ 16} While Dr. Giagordis fails to use the term "objective" in his testimony, he clearly references objective clinical x-ray findings performed on the appellee.

5.

**{¶ 17}** We will note that the appellant's expert reached a contrary conclusion as to the existence of femoral acetabular impingement.

**{¶ 18}** The fact that the evidence or testimony is subject to different interpretations does not mean the judgment is against the manifest weight of the evidence. *State v. Adams*, 2d Dist. Greene Nos. 2013-CA-61 and 2013-CA-62, 2014-Ohio-3432, ¶ 24.

**{¶ 19}** When conflicting evidence is presented at trial, a verdict is not against the manifest weight of the evidence simply because the fact finder believed the testimony of the plaintiff's witness. *See State v. Conner*, 192 Ohio App.3d 166, 2011–Ohio–146, 948 N.E.2d 497 (6th Dist.). The trier of fact is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony. *State v. Schwamberger*, 6th Dist., Lucas No. L-13-1236, 2014-Ohio-4733, ¶ 21, citing *State v. Wilson*, 113 Ohio St.3d 382, 2007–Ohio–2202, 865 N.E.2d 1264, ¶ 24.

**{¶ 20}** In this case, the jury, acting as the trier of fact, listened to the testimony of both sides and credited Dr. Giagordis and his opinion. Believing the testimony of Dr. Giagordis that the appellee suffered a substantial aggravation of a pre-existing acetabular impingement did not create such a manifest miscarriage of justice that the outcome must be overturned and a new trial ordered. This is not the exceptional case in which the evidence weighs heavily against the outcome. *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

6.

**{¶ 21}** We find no evidence that the fact finder lost its way or created a manifest miscarriage of justice in this case despite conflicting testimony. Accordingly, we defer to the jury's conclusion and overrule appellants' sole assignment of error.

*Conclusion*

**{¶ 22}** For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to FCA pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J. _____

Myron C. Duhart, P.J. _____

Charles E. Sulek, J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.